UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 13-2391 DSF (MANx) | Date | 11/9/16 |
| Title | National Coalition for Men, et al. v. Selective Service System, et al. | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss and TRANFERRING the Action to the Southern District of Texas (Dkt. 34)

Defendants Selective Service System (SSS) and Lawrence G. Romo move to dismiss the Complaint filed by Plaintiffs National Coalition for Men (NCM) and James Lesmeister under Federal Rule of Civil Procedure 12(b)(1), (b)(3), and (b)(6).[1]  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

Plaintiffs allege that the SSS's requirement that males - but not females - register for the draft violates the Fifth Amendment of the United States Constitution, Compl. ¶¶ 26-29,[2] and request declaratory and injunctive relief.

Lesmeister was an 18-year old male residing near Houston, Texas when this action was initiated.  Id. ¶ 10.  He registered with the SSS.  Id.  NCM asserts that it has organizational standing.[3]  Id. ¶ 9.

---

[1] As the Court concludes that transfer is appropriate under Rule 12(b)(3), it does not address Defendants' 12(b)(6) challenges.

[2] Plaintiffs dismissed Counts II and III of their Complaint.

[3] NCM seems to have mistaken organizational standing for associational standing.  NCM argues in the opposition that it has associational standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

## I. SUBJECT-MATTER JURISDICTION

Plaintiffs bear the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). On a motion pursuant to Rule 12(b)(1), the Court accepts as true all factual allegations and construes the pleadings in the light most favorable to the plaintiff. Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (citation omitted). "However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation omitted).

"In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit affidavits or any other evidence properly before the court. . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell v. Dep't of Health & Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (citation and quotation marks omitted).

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" Oklevueha, 676 F.3d at 835 (quoting U.S. Const. art. III, § 2). The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

### A. Lesmeister's Standing

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations omitted).

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016). Concrete injuries need not be tangible. Id. "[A] plaintiff has standing when the government improperly imposes an affirmative obligation on him. Olagues v. Russoniello, 797 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

1511, 1518 (9th Cir.1986) (en banc), vacated as moot on other grounds, 484 U.S. 806 (1987) (citing Laird v. Tatum, 408 U.S. 1, 12 (1972)).

Plaintiffs allege: (1) the Military Selective Service Act (MSSA) requires males between the ages of 18 and 26 to register with the SSS, Compl. ¶ 11; see 50 U.S.C. § 3802; (2) a registrant has a continuing obligation to update the SSS with any changes in his address or status, id.; see 50 U.S.C. § 3813; (3) failure to comply with the provisions of the MSSA can result in fines or imprisonment, id. at ¶ 18; see 50 U.S.C. § 3811; and (4) Lesmeister has registered and is subject to this continuing obligation. In Olagues, the court found standing where the government required plaintiff to prove citizenship when requesting a bilingual ballot, but did not require such proof when people requested English language ballots. Olagues, 797 F.2d at 1518. Similarly here, the government required Lesmeister to register and requires him to update the SSS with any changes to his address. The government does not impose such obligations on women. The imposition of these legal requirements constitutes an injury in fact. Because the injury stems from the same Act attacked in Plaintiffs' complaint, the Court finds a causal connection. The Ninth Circuit has already ruled that Plaintiffs' injuries are redressable, "either by extending the burden of registration to women or by striking down the requirement for men." Nat'l Coalition for Men, 640 F.App'x at 666.

Lesmeister has standing.

**B.    NCM's Standing**

    **1.    Organizational Standing**

The same "irreducible constitutional minimum of standing" test is used to determine whether an organization has organizational standing. Havens Realty Corp. v. Coleman, 455 U.S. 363, 378 (1982). "An organization suing on its own behalf can establish an injury when it suffered 'both a diversion of its resources and a frustration of its mission.'" La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest, 624 F.3d 1083, 1088 (9th Cir. 2010) (quoting Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002)). A plaintiff cannot "manufacture [an] injury by incurring litigation costs," but "must instead show that it would have suffered some other injury if it had not diverted resources to counteracting the problem." Id. (citations omitted). NCM has not alleged that it has diverted its resources in response to the MSSA. Nor has it alleged that NCM itself would have suffered an injury had this action not been brought. NCM does not have organizational standing.

    **2.    Associational Standing**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

"Even in the absence of injury to itself, an association may have standing solely as the representative of its members." Warth v. Seldin, 422 U.S. 490, 511 (1975). "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977). Defendants argue that Plaintiffs have failed to satisfy prongs one and two.

Although the Court finds that Lesmeister has standing, Plaintiffs have not alleged that Lesmeister is a member of NCM. In fact, the Complaint does not identify a single member of NCM. NCM fails to satisfy prong one and therefore lacks standing.

Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED as to Lesmeister and GRANTED as to NCM.[4]

## II.   IMPROPER VENUE

The plaintiff has the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In evaluating a Rule 12(b)(3) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted).

Where the defendant is an officer of the United States, the lawsuit may proceed in a judicial district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

Venue is not proper in the Central District of California.

First, the Defendants do not reside in the Central District. See Reuben H. Donnelley Corp. v. F.T.C., 580 F.2d 264, 267 (7th Cir. 1978) (limiting the residence of a federal agency to the District of Columbia). Second, Lesmeister fails to establish that a substantial part of the events giving rise to the claim occurred in the Central District. Defendants' activities occurred in the District of Columbia so venue cannot lie in the

---

[4] The Court notes that Plaintiffs ignored the Ninth Circuit's clear suggestion that they amend their Complaint. Nat'l Coalition for Men, 640 F.App'x at 666.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Central District based solely on Defendants' activities. Venue is improper even when considering Lesmeister's activities because Lesmeister does not allege that he registered in the Central District, and it is unlikely that he did so. Third, Lesmeister has not shown that he resides in the Central District. Lesmeister was a Texas resident when the Complaint was filed, and the Court has not been advised of any change in residence.

The Central District is not a proper venue, but "the interests of justice" warrant transferring the case rather than dismissing it. It appears this action could have been brought in the Southern District of Texas because Lesmeister resides there, specifically near Houston, and no real property is involved in this action.[5]

### III.   CONCLUSION

The Court dismisses NCM without prejudice and transfers the action to the Southern District of Texas.

IT IS SO ORDERED.

---

[5] The Court denies Plaintiffs' request - based on NCM's residence - to transfer to the Southern District of California because Plaintiffs have not demonstrated that NCM has standing.